**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Norfolk Division)**

| | |
|---|---|
| 5925 THURSTON OWNER LLC,<br><br>Plaintiff,<br><br>v.<br><br>J.H. HOLLAND, LLC,<br><br>Serve:<br>Capital Corporate Services, Inc.<br>10 S Jefferson St Ste 1800<br>Roanoke, VA, 24011<br><br>and<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>Serve:<br>Corporation Service Company<br>100 Shockoe Slip Fl 2<br>Richmond, VA, 23219<br><br>Defendants. | Civil Action No. 2:25-cv-134 |

**COMPLAINT**

Plaintiff, 5925 Thurston Owner LLC ("Thurston"), by and through its undersigned counsel, brings this Complaint against Defendants J.H. Holland, LLC ("Holland") and First American Title Insurance Company ("First American"), and in support thereof, states as follows:

**Nature of the Action**

1. This is an action for damages and declaratory judgment arising from Defendant Holland's breach of the terms of a Purchase and Sale Agreement through Holland's unjustified objection to permitting the escrow agent, First American, to return Thurston's deposit related to

the purchase and sale of a certain piece of commercial real estate, once Thurston validly terminated the agreement.

**Parties**

2. Thurston is a Delaware limited liability company, whose sole member is a citizen of New York.

3. Upon information and belief, Holland is a Virginia limited liability company, whose sole member is a citizen of Florida. Holland owns a certain parcel of land located in the City of Virginia Beach, Virginia, commonly known as 5925 Thurston Avenue (the "Property").

4. Upon information and belief, First American is a Nebraska insurance company, with its principal place of business in California. Amongst other services, First American provides escrow services for commercial real estate transactions.

**Jurisdiction and Venue**

5. Jurisdiction is proper under 28 U.S.C. § 1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs; and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

6. This Court has personal jurisdiction over Holland because Holland is a Virginia limited liability company that owns real property in Virginia Beach, Virginia.

7. This Court has personal jurisdiction over First American because First American is registered to do business in Virginia, regularly conducts business in Virginia, and provided escrow services for the sale of the Property, which is located in Virginia.

8. Venue is proper pursuant to the Purchase and Sale Agreement, dated September 17, 2024 (the "PSA"), as amended on October 23, 2024 (the "First Amendment"), a copy of which is collectively attached as **Exhibit A** (filed under seal). The PSA provides that "Seller and Purchaser

submit to the exclusive jurisdiction of the Courts of the Commonwealth of Virginia and federal courts sitting in the Commonwealth of Virginia as the venue of any action or proceeding arising out of or relating to this Agreement and hereby irrevocably waive, to the fullest extent permitted by law, any objection they may now or hereafter have to such venue ….” Ex. A § 18.13. The Norfolk Division of the United States District Court for the Eastern District of Virginia includes Virginia Beach, Virginia.

**Factual Background**

9. Thurston and Holland entered into the PSA with Thurston as "Purchaser" and Holland as "Seller" of the Property.

10. Pursuant to Section 2.2 of the PSA, Thurston deposited the "Initial Down Payment" with First American.

11. Thereafter, Thurston undertook certain due diligence related to the Property, including but not limited to a Phase I Environmental Assessment, a Property Condition Report, and a Measurement Study.

12. Pursuant to Section 3.4 of the PSA, the Diligence Period Termination Date was to be "35 days after the Effective date."

13. On October 23, 2024, the parties executed the First Amendment.

14. The First Amendment provided that, if prior to the Diligence Period Termination Date, November 8, 2024, Purchaser shall give written notice to Seller that Purchaser (in its sole and absolute discretion) is dissatisfied with the result of Purchaser's investigations of the Property, the operation thereof or for any other reason or for no reason, then the Agreement shall be terminated as of the date of such notice, neither party shall have any further liability or obligation

to the other, and the Initial Down Payment was to be returned to Purchaser, subject to certain conditions.

15. Specifically, unless a "Return Event" (as defined in the First Amendment) occurred, the "Nonrefundable Portion" was to be retained by Seller.

16. If, however, a "Return Event" occurred, Purchaser was entitled to return of the entire Initial Down Payment, including the Nonrefundable Portion.

17. A "Return Event" included where the Property Condition Report and/or the environmental reports individually or in the aggregate reflected or uncovered one or more conditions that would exceed a certain threshold (defined in the First Amendment) to repair and/or remediate, or the Measurement Study reflected a material diminution in the value of the Property.

18. The Property Condition Report and/or the environmental reports individually or in the aggregate reflected or uncovered one or more conditions that exceeded the threshold to repair and/or remediate.

19. The Measurement Study reflected a material diminution in the value of the Property.

20. As such, a Return Event had occurred.

21. On November 8, 2024, Thurston terminated the PSA by written notice pursuant to Section 3.4, and requested return of the Initial Down Payment, including the Nonrefundable Portion, from First American.

22. Also on or about November 8, 2024, Thurston provided Holland, through its counsel, evidence that a Return Event had occurred.

23. Because a Return Event had occurred, Thurston was entitled to return of the entire Initial Down Payment, including the Nonrefundable Portion.

24. Regardless—and without any legal basis to do so—Holland instructed First American to withhold the Nonrefundable Portion on November 11, 2024.

25. As a result of Holland's objection to payment of the Nonrefundable Portion, First American withheld payment of the Initial Down Payment in its entirety.

26. Subsequently, on February 6, 2024, Holland asserted a claim to the entire Initial Down Payment, including the Nonrefundable Portion.

27. Holland's claim was without any legal basis.

28. As a result of Holland's claims and assertions to First American, First American refused to return the Initial Down Payment to Thurston.

**COUNT I**
**BREACH OF CONTRACT**
**(As to Holland)**

29. Thurston incorporates the preceding allegations as if fully set forth herein.

30. The PSA, as amended, is a valid and binding contract enforceable against Holland.

31. Under the PSA, as amended, Thurston and Holland agreed that, should Purchaser be dissatisfied with the result of its investigations of the Property, the operation thereof or for any other reason or for no reason, and Thurston provide Holland with notice, then the PSA shall be terminated as of the date of such notice, neither party shall have any further liability or obligation to the other, and the Initial Down Payment was to be returned to Purchaser.

32. Further, if a Return Event occurred, the Nonrefundable Portion was to be returned to Thurston as Purchaser.

33. Despite the fact that Thurston provided Holland with proper notice of termination, and that a Return Event had occurred, Holland prevented the return of the Initial Down Payment, including the Nonrefundable Portion, to Thurston.

34. Holland's refusal to permit payment of the Initial Down Payment, including the Nonrefundable Portion, to Thurston is a material breach of the PSA, as amended.

35. As a direct and proximate cause of Holland's material breach of the PSA, Thurston has been damaged in an amount not less than $500,000.00.

36. All conditions precedent to First American's payment of the Initial Down Payment, including the Nonrefundable Portion, to Thurston have been satisfied, fulfilled, or excused.

WHEREFORE, as to Count I, Thurston respectfully requests that the Court enter an Order granting judgment against Holland and in favor of Thurston in the amount $500,000.00, plus pre- and post-judgment interest, its attorney's fees pursuant to Section 18.12 of the PSA, and such other and further relief as the Court deems appropriate.

**COUNT II**
**(Declaratory Judgment)**

37. Thurston incorporates the preceding allegations as if fully set forth herein.

38. The PSA, as amended, provides that, should Purchaser be dissatisfied with the result of its investigations of the Property, the operation thereof or for any other reason or for no reason, and Thurston provides Holland with notice of termination, then the PSA shall be terminated as of the date of such notice, neither party shall have any further liability or obligation to the other, and the Initial Down Payment was to be returned to Purchaser.

39. Further, if a Return Event occurred, the Nonrefundable Portion was to be returned to Thurston.

40. Thurston provided Holland with proper notice of termination, and that a Return Event had occurred; however, Holland prevented the return of the Initial Down Payment, including the Nonrefundable Portion, to Thurston, by objecting to First American to the release of the Initial Down Payment, without legal basis.

41. All conditions precedent to First American's return of the Initial Down Payment, including the Nonrefundable Portion, to Thurston have been satisfied, fulfilled, or excused.

42. Regardless, as a result of Holland's unjustified objection to the return of the Initial Down Payment, including the Nonrefundable Portion, First American has failed and refused to return the Initial Down Payment.

43. Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between Plaintiff and Defendants concerning the right to return of the Initial Down Payment, including the Nonrefundable Portion. In such cases of actual controversy within its jurisdiction, "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201(a).

44. Plaintiff asks this Court to declare that Thurston is entitled to return of the Initial Down Payment, including the Nonrefundable Portion, plus all interest accrued; that First American should facilitate such payment; and that Thurston is entitled to payment of its attorneys' fees pursuant to Section 18.12 of the PSA.

WHEREFORE, as to Count II, Thurston respectfully requests that the Court enter an Order instructing First American to return the entire Initial Down Payment, including any interest accrued, to Thurston, and awarding Thurston its attorney's fees pursuant to Section 18.12 of the PSA, and such other and further relief as the Court deems appropriate.

Dated: March 7, 2025

Respectfully submitted,

5925 THURSTON OWNER LLC

By: /s/ *Andrew O. Mathews*

Andrew O. Mathews
Virginia State Bar No. 77038
Counsel for Plaintiff
WILLIAMS MULLEN
200 South 10th Street, Suite 1600

Richmond, Virginia 23219
Telephone: (804) 420-6416
Facsimile: (804) 420-6507
amathews@williamsmullen.com

*Counsel for Plaintiff*